LINDLEY, Trustee of Paoli Township, *v.* BRAXTON.

OBSTRUCTION OF HIGHWAYS.—LIMITATION.—Section 24, 1 G. & H., 592, which requires the supervisor of roads to sue for an obstruction of a highway within three days after he has knowledge of the fact, is not a statute of limitations, which will defeat the suit if brought after the time named.

APPEAL from the *Orange* Circuit Court.

FRAZER, J.—The only question presented in this case is, whether the statute, (1 G. & H., § 24, p. 592,) which requires

a supervisor of roads to sue for obstructing a highway within three days after he has knowledge of the fact, is a statute of limitations, which will defeat such suit if not brought within that period of time.

If it be conceded that the provision cited was intended to operate as a statute of limitations as to that class of actions, and not merely to define the official duty of the supervisor, the question would remain, whether it was not repealed by the subsequent statute, (2 G. & H., § 211, p. 158,) providing a limitation of two years in such cases. But we need not decide the latter question.

The leading purpose of the act first cited was to provide for the election, and define the duties of supervisors. The constitution, in view of the title of the act, confines its operation to those matters, and matters properly connected therewith. It may be that a provision limiting the time within which an action must be brought, which the act requires the supervisor to bring, would be within the title of the act. But it will be perceived that the section alluded to contains no negative words. It does not enact in terms that the suit shall not be brought after three days, but it does, in the next section, provide a penalty to be recovered from the supervisor if he fails to sue within that time. The whole object of the two sections, taken together, seems to be the protection of public highways, and to secure to the public unobstructed passage over them; and for this purpose, a prompt prosecution of those offending by obstruction is made the supervisor's duty, with severe penalties denounced against him if he shall fail to be as prompt as the law requires, in this particular. This leading purpose of the legislature would be, in many cases, practically defeated, if the person guilty of the act prohibited were to go acquit after a failure to sue him within so short a time, and, indeed, such a limitation could scarcely be referred to any intention other than a desire to defeat the leading object which induced the enactment of the section supposed to contain it. A limitation so short would be extraordinary, and could

not have its origin in the reasons upon which statutes of limitation generally rest, and are justified. A construction which would place the legislative department in the attitude of playing at cross-purposes with itself, is to be adopted only when no other is admissible, in view of the language employed. In this instance, the language does not require it.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*A. M. Black* and *F. Wilson,* for appellant.

*A. J. Simpson,* for appellee.