## John Tompkins v. The State.

No. 3382.     Decided December 20, 1905.

**1.—Selling Liquor to Minor—Local Option—Former Conviction.**

On trial for selling intoxicating liquor to a minor, where the evidence showed that defendant had been previously convicted for violating the local option law on the identical facts, and where he pleaded former conviction, which plea was stricken out, the record showing that local option law was in effect. Held that the local option law superseded all other laws involving the sale of intoxicating liquors within the prohibited territory, and included the sale to minors, and that the ruling of the court striking out the plea of former conviction was error.

**2.—Same—Local Option Supersedes Sale to Minor.**

A person cannot be convicted under an information simply charging a sale to a minor where local option is in force.

Appeal from the County Court of Cherokee. Tried below before Hon. James P. Gibson.

Appeal from a conviction of selling liquor to a minor; penalty, a fine of $35 and twenty days confinement in the county jail.

The opinion states the case.

*W. H. Shook,* for appellant.—The plea being regular and in due form on its face, making an issue of fact to be passed on by the jury, the court erred in striking out the same and in refusing to allow the jury to consider it.

Defendant's plea showing that there was but one sale, act, offense or transaction; and the evidence showing the same, the State could be allowed to carve but once, the court should have submitted. the plea of defendant to the jury with instructions to find for defendant thereon.

Defendant's plea of former conviction is in due form, as presented to the court, and overruled; being stricken out on State's demurrer. To this the defendant excepted at the time. McKinney v. State, 4 Texas Ct. Rep., 898; Cook v. State, 2 Texas Ct. Rep., 991; Powell v. State, 42 Texas Crim. Rep., 11; Bland v. State, 1 Texas Ct. Rep., 176; Shubert v. State, 21 Texas Crim. App., 551; Emmons v. State, 34 Texas Crim. Rep., 118; Herera v. State, 35 Texas Crim. Rep., 607; Moore v. State, 33 Texas Crim. Rep., 166; Maines v. State, 37 Texas Crim. Rep., 617; Atkinson v. State, 9 Texas Ct. Rep., 756; Hirshfield v. State, 11 Texas Crim. App., 207; Quitzow v. State, 1 Texas Crim. App., 47; Simco v. State, 9 Texas Crim. App. 338; Wright v. State, 17 Texas Crim. App., 152; Adams v. State, 16 Texas Crim. App., 162; Hudson v. State, 9 Texas Crim. App., 151; Grisham v. State, 19 Texas Crim. App., 504; Willis & Boyd v. State, 24 Texas Crim. App., 586; Sadberry v. State, 39 Texas Crim. Rep., 466.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of selling intoxicating liquors to a minor. The evidence discloses that he had been previously convicted for violating the local option law on the same facts: the identical transaction; and that he had never sold intoxicating liquors but the one time to the party named as a minor in this case. When this case was called for trial, he set up his plea of jeopardy on the conviction in the former case. On demurrer this was stricken out. This was error. The authorities are so numerous sustaining this proposition we deem it unnecessary to cite them. Where the local option law goes into effect, it supersedes all other laws involving the sale of liquor within the prohibited territory. This would include the sale to minors. Atkinson v. State, 46 Texas Crim. Rep., 229; 9 Texas Ct. Rep., 756. Even if there had not been a prior conviction for violating the local option law, this conviction could not stand. Why? Because the local option law was in effect, and the

complaint and information in this case does not charge a violation of the local option law, but declares simply upon a sale to a minor. If the complaint had charged a violation of the local option law, the mere fact that it was further alleged that the purchaser was a minor would not render the information vicious, but under no event can a party be convicted under an information simply charging a sale to a minor where local option is in force. The violation is of the local option law, and not of the statute prohibiting sales to minors. In Stephens v. State, 12 Texas Ct. Rep., 443, it was held that the local option law did not infringe on the statute denouncing an offense against a party who gave intoxicants to a minor; but that did not involve the question of sale, and it was held there was no conflict between the statutes in regard to giving intoxicants to minors and sales under the local option law, inasmuch as the local option law only prohibits and can only prohibit sales. The judgment is reversed and the cause remanded.

*Reversed and remanded.*