## Ex Parte Enno Cassens.

### No. 262.    Decided December 8, 1909.

**Habeas Corpus—Selling Intoxicating Liquors to Minors—Voidable Judgments.**

Where the relator was charged by complaint with the offense of selling and giving intoxicating liquors to a minor, and convicted in the Justice Court of selling said liquor to a minor, appealed to the County Court, where he was again convicted of selling liquor to a minor; whereupon he appealed to the Court of Criminal Appeals, which dismissed his appeal for want of jurisdiction; and thereupon he sought release from arrest under final judgment of the County

Court by writ of *habeas corpus*, claiming that when he was convicted in the County Court local option obtained in the territory where he sold the liquor to the minor, which had the effect of abrogating the law with reference to selling liquors to a minor. Held, that he could not avail himself of the writ of *habeas corpus*, inasmuch as said judgment of the County Court was only voidable, and not void. Davidson, Presiding Judge, dissenting.

From Williamson County.

Original application of habeas corpus asking release from a commitment on a capias pro fine from the County Court to enforce a fine of $25 assessed against him in the County Court for selling intoxicating liquors to a minor.

The opinion states the case.

*Wilcox & Graves* and *D. S. Chessher,* for relator.—There can be no conviction for an offense unless the act is contrary to law at the time it is committed, nor can there be a judgment unless the law is in force at the time of the indictment and judgment; if the law ceases to operate by its own limitation, or by a repeal, at any time before judgment, no judgment can be given. Cases cited in the dissenting opinion.

Where local option is adopted and is put in force, it operates as a repeal of all laws in conflict with it, and inasmuch as it does not otherwise provide, it exempts from punishment all previous offenders against the repealed laws. Boone v. State, 13 Texas Crim. App., 184; Greer v. State, 22 Texas, 588; Robertson v. State, 5 Texas Crim. App., 155; Donaldson v. State, 15 Texas Crim. App., 25; Stephens v. State, 47 Texas Crim. Rep., 604, 85 S. W. Rep., 797; Tompkins v. State, 49 Texas Crim. Rep., 154, 90 S. W. Rep., 1019; Dean v. State, 49 Texas Crim. Rep., 249, 92 S. W. Rep., 38, and cases cited in dissenting opinion, including those cited under first proposition.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This is an original application for a writ of habeas corpus, which was granted by Judge W. L. Davidson of this court.

Relator had a complaint filed against him in the Justice Court of Precinct No. 1 of Williamson County, Texas, on the 19th of August, 1905, which complaint charged relator with the offense of selling and giving intoxicating liquors to a minor in justice precinct No. 5 of said Williamson County. On the 21st day of September, 1905, applicant was by the court convicted and fined the sum of $25. An appeal was taken to the County Court of said county and the cause was tried by the court on the 13th day of March, 1906, and applicant was found "guilty as charged in the complaint," and his punishment assessed at $25. That thereupon his appeal was

perfected to this court, and was dismissed from this court on motion of the State on the ground that a judgment of the Justice Court, appealed to the County Court, is final in the County Court when the amount of the fine is under $100. See 56 Texas Crim. Rep., 18, 118 S. W. Rep., 546. At the time of this alleged offense, the precinct wherein it was alleged said offense was committed, was not under the operation of the local option laws of this State. At the time of the trial of relator in the Justice Court of Precinct No. 1, as above stated, the local option laws of this State were not in effect in said county; that soon thereafter, and some four months before the trial of this cause in the County Court of Williamson County, the county of Williamson had legally adopted the local option laws of this State, and same were in force and effect in all of Williamson County at the time of the trial of this cause in the County Court of said county. That at the trial in the County Court of relator herein his punishment was assessed at a fine of $25, the judgment reciting that applicant was found "guilty as charged in the complaint." Subsequent to the dismissal of the case from this court, as above stated, applicant was arrested on a writ of commitment and placed in the county jail of Williamson County.

The agreed statement of facts further disclose that the facts adduced on the trial of said case, both in the Justice and County Courts, show a straight sale by this applicant to a minor of two dozen bottles of beer, same being intoxicating liquor, for which applicant received the sum of $3 in payment therefor. That said sale was made in the saloon of applicant, and at the request of said minor, said minor tendering the money in payment therefor and relator receiving the same.

It will be seen from an inspection of the above statement of facts, which is practically a copy of the agreed statement, that the complaint upon which applicant was convicted charged him with the selling and giving of intoxicating liquors to a minor, and the judgment of the court convicting him states that he was found "guilty as charged in the complaint." We can not tell, therefore, whether he was convicted of selling or giving the intoxicating liquor. It is true the facts show that it was a sale. If the court convicted him on a gift, then no possible cavil could be indulged in as to the validity of this judgment under any phase of the question, since there would be no conflict between the local option law and the prosecution of relator for giving intoxicating liquor to a minor, as indicated by some of the decisions of this court. Furthermore, we hold that a writ of habeas corpus is not a writ of appeal. Applicant has had his day in court, and under the Constitution of this State he appealed to the last court authorized to pass upon his case. The questions he suggests for our review would be bare irregularities at best, and would not justify the use of the writ of habeas corpus.

There is nothing, furthermore, in the statement to indicate that the questions here relied upon were urged before the trial court. If they were his judgment upon same could barely be erroneous and not void, and the writ of habeas corpus, therefore, could not be invoked by relator.

The evidence shows, as above stated, that it was the duty of the relator to show that the local option law was in force at the time the county judge rendered his decision finding applicant guilty. In other words, it is a question of fact and not of law as to whether or not a local option election has been held in any county in Texas. The county judge may have held that although an election had been held, that some of its necessary steps had not been complied with or he may have refused to believe that the evidence warranted the court in concluding there had been a sale of whisky, and believed that the relator had given the prosecuting witness whisky. There is no question but what the County Court had jurisdiction of the person and of the subject matter. Then any effort to review the decision of the County Court, it having jurisdiction of the person and of the subject matter, by habeas corpus would be using the writ of habeas corpus as a writ of appeal. As early in the history of this court as the case of Ex parte Boland, 11 Texas Crim. App., 159, after discussing the writ of habeas corpus at some length, the court uses this language: "From a reasonable application of the rules of law above laid down we conclude, without further amplification, that the process by which the relator was held when the writ of habeas corpus was sued out, was not a void process, and that habeas corpus would not relieve him against its operation. When the original case was before the County Court on the defendant's appeal, he then had his day in court, and, for aught that appears from the proceedings before us, all the questions presented by his petition for habeas corpus could then have been presented and decided by the County Court, and such a decision would have been within the jurisdiction of the County Court. And it appearing that the County Court had jurisdiction of the person of the defendant, as well as of the matter in litigation, whatever defense he had it became his duty to submit to that court and at that time; and if by the Constitution and the law he was not entitled to a further appeal he is without remedy, and the writ of habeas corpus can not be invoked to relieve him from custody, he being confined on account of his failure to pay a pecuniary fine imposed against him on a regular trial before a court of competent jurisdiction." This decision clearly settles the contention against applicant. The judgment was not void but merely voidable at best, and we have held repeatedly since the rendition of the above cited decision that a writ of habeas corpus can not be used as a writ of appeal, but only in those cases where the judgment is absolutely void. The judgment of the County

Court in this case was not void, but at best merely voidable. This court can not review, under a habeas corpus, a judgment of the court below because the court below erred in construing or applying the facts or that the court's findings were contrary to the facts. It was a question of fact, as stated above, as to whether the local option law was in force at the place where applicant is alleged to have sold the whisky or given the whisky to the minor, and being a question of fact, the court passed on the fact and the law incident to that fact, and found applicant guilty. We do not deem it necessary to further elaborate on the question, but cite the following authorities cited in the State's able brief for further discussion of the question: Ex parte White, 50 Texas Crim. Rep., 473, 98 S. W. Rep., 850; Ex parte Fuller, 19 Texas Crim. App.; 241; Ex parte Scwartz, 2 Texas Crim. App., 74; Ex parte Dickerson, 30 Texas Crim. App., 448; Ex parte Call, 2 Texas Crim. App., 497; Ex parte McGrew, 40 Texas, 476; Griffin v. State, 5 Texas Crim. App., 457; Darrah v. Westerlage, 44 Texas, 388; 21 Cyc., p. 326; Donaldson v. State, 15 Texas Crim. App., 25.

Relator is remanded to the custody of the officers.

                     *Relator remanded to custody.*

[Rehearing denied December 1, 1909.—Reporter.]

DAVIDSON, Presiding Judge (dissenting).—I respectfully enter my dissent from the conclusion reached by the majority. The agreed statement of facts shows that local option was and had been in effect for several months at the time the applicant was convicted in the County Court. That said conviction was for selling intoxicants to a minor; that it was done in applicant's saloon, and that the minor paid for the beer in the saloon at the time of the purchase. There is no question raised and no facts suggested that applicant gave to the minor any intoxicants, but the facts show, as agreed to, that it was a sale and not a gift. These facts being admitted and agreed to as being true, they are, therefore, binding upon this court and the parties to the record. It is upon the facts made by the record the case can only be tried and not what might have been the facts.

1. When local option goes into effect in a given territory it repeals, suspends or puts out of operation all other laws in regard to the selling of intoxicants in the territory where such local option law is put into effect. No other law in regard to sales except the local option law itself could legally exist in the given territory. This is and has been the rule in Texas since Robertson v. State, 5 Texas Crim. App., 155. The authorities on this question are unbroken. There has never been a variation from this doctrine, nor is there found in the books a dissenting opinion from the proposition.

2. Where a law has been repealed, under which a prosecution is

had, at the time of the trial, the case must go off the docket. A conviction can not be had, for there is no law authorizing the prosecution, nor is there any statute which would justify the prosecution or the conviction. This is statutory. See White's Penal Code, article 16, section 28, for collated authorities. Article 16, supra, reads as follows: "The repeal of a law, where the repealing statute substitutes no other penalty, will exempt from punishment all persons who may have offended against the provisions of such repealed law, unless it be otherwise declared in the repealing statute." The courts have held, construing this statute, that where a case is appealed, and, pending such appeal, the law is changed, the Appellate Court must dispose of the case under the law in force when the decision is rendered; and if the law has been repealed, no further proceedings will be taken under the repealed law to enforce the punishment. Wall v. State, 18 Texas, 683; Sheppard v. State, 1 Texas Crim. App., 522; Hubbard v. State, 2 Texas Crim. App., 506; Montgomery v. State, 2 Texas Crim. App., 618; Tuton v. State, 4 Texas Crim. App., 472; Halfin v. State, 5 Texas Crim. App., 212; Chaplin v. State, 7 Texas Crim. App., 87; Monroe v. State, 8 Texas Crim. App., 343; Boone v. State, 12 Texas Crim. App., 184; Fitze v. State, 13 Texas Crim. App., 372; Pinckard v. State, 13 Texas Crim. App., 373; Freeze v. State, 14 Texas Crim. App., 31; Prather v. State, 14 Texas Crim. App., 453; Mulkey v. State, 16 Texas Crim. App., 53; Whisenhunt v. State, 18 Texas Crim. App., 491; Woodlief v. State, 21 Texas Crim. App., 412; Wells v. State, 24 Texas Crim. App., 230; Dawson v. State, 25 Texas Crim. App., 670; Robinson v. State, 26 Texas Crim. App., 82; Lawhon v. State, 26 Texas Crim. App., 101; Ex parte Cox, 28 Texas Crim. App., 537; Kenyon v. State, 31 Texas Crim. Rep., 13. This has been held even where the repeal of a civil statute repeals the penalties imposed with regard to its enforcement. There can be no penalty or criminality in violating a repealed statute. State v. Robinson, 19 Texas, 479; Etter v. Ry. Co., 2 Ct. Apps. (Civ. Cases), 61. It will be observed, in this connection, that where, in regard to sales to minors, the local option law has been put into effect in a given territory, there is no provision in the local option law keeping alive pending cases for sales to minors. This being the legal rule, when local option went into effect, the law with reference to sales to minors is abolished. See Atkinson v. State, 46 Texas Crim. Rep., 229. There is, therefore, no predicate under the facts or the law which would justify the County Court in trying applicant for a sale to a minor months after the local option law had set aside and superseded the law with reference to sales to minors in the given territory. Referring to this, it is shown by the record that at the time applicant was tried in the Justice Court, local option was not in effect, but at the time he was tried in the

County Court, the local option law had been in effect for several months. The conclusion, therefore, is inevitable that at the time applicant was tried in the County Court, the local option law had superseded the law with reference to sales to minors, and, therefore, he could not be tried or punished for selling to the minor.

3. A writ of habeas corpus will lie to release from custody when punishment is sought where there is no statute on which to predicate the prosecution, or where the statute has been repealed, unless the prosecutions under the former law are kept alive by some provision of the repealing statute. There must be a law authorizing a prosecution before a citizen of this State can be punished. A repealed statute can not form the basis of a prosecution, and here there was no substitute punishment for sales to minors in the local option territory, nor any provision keeping the prior cases in existence or authorizing their prosecution or punishment. Under such circumstances the judgment is necessarily void if a conviction is had for the obvious reason that there was no law under which the party could be tried and punished. This is not a mere irregularity, nor is the judgment simply voidable. If this proposition is not correct, then any citizen can be punished without a law authorizing the punishment; nor would it be an irregularity simply because he could not for any reason take an appeal from the conviction. The judgment would be void for want of a law authorizing the prosecution and punishment. It is not correct to say under these circumstances that the conviction and punishment would be but an irregularity. The question is jurisdictional. The court would not have jurisdiction, under such circumstances, of the subject matter, and could not render any judgment in the case. Why? First, because there is no law under which the prosecution can be maintained or the punishment inflicted; second, the court could not obtain jurisdiction of the person; third, it could not obtain jurisdiction of the subject matter, for there is no subject matter to which the jurisdiction of the court could attach; fourth, it could not render any judgment for want of a law authorizing the prosecution and conviction, and no court ought to punish without having a law under which to try and punish. See White's Code of Criminal Procedure, article 150; subdivisions 6 and 7, of the notes for collated authorities. This has been the invariable rule in this as well as the Supreme Court, at least since the case of Ex parte Degener, 30 Texas Crim. App., 566. It has always been held that on habeas corpus a judgment can be attacked if void as well as for the reasons above stated. The want of statutory penal law would render the judgment of conviction necessarily void. Under a writ of habeas corpus the court can look behind the judgment in such cases. Many of these cases will be found collated in applicant's brief. See also Ex parte Parker, 35 Texas Crim. Rep., 12. An indictment by a grand jury composed

of more or less than twelve jurors is violative of the Constitution and laws of this State. Hence, the indictment and conviction in that character of case would be void, and an inquiry can be had into this state of case by evidence, and if the fact is so found, the judgment will be set aside and the party released on habeas corpus, for in such state of case the indictment and conviction would be void. It would not be a mere irregularity. This is true, although the party may have had the benefit of his appeal and lost by reason of an affirmance. In other words, if the facts are such as to justify holding the judgment void, the writ of habeas corpus will authorize going behind the judgment and inquiring into the facts. Ex parte Parker, supra; Ex parte Ogle, 61 S. W. Rep., 122; Ex parte Reynolds, 35 Texas Crim. Rep., 437; Lott v. State, 18 Texas Crim. App., 627; McNeese, v. State, 19 Texas Crim. App., 49; Smith v. State, 19 Texas Crim. App., 95, and numerous other cases not necessary here to collate.

If the agreed statement of facts are true, and they are conceded to be true by parties to the record, this judgment in the County Court was rendered under a law that had been vacated, repealed or put out of existence by reason of putting the local option law into effect. The local option law, under such circumstances, had superseded the law in regard to selling to minors months before the trial and conviction in the County Court, and it is immaterial whether the question was there raised or not as in the case of a vicious judgment under a void indictment found by more or less than twelve grand jurors.

For the reasons indicated, I can not agree with my brethren, and firmly believe that applicant is entitled to be discharged from custody, and this, too, although he had appealed to this court and the appeal had been dismissed for want of jurisdiction.