**Chester Marquez IRVING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–92–00941–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 19, 1994.

Discretionary Review Granted Sept. 21, 1994.

Georgianne Spiller, Houston, for appellant.

Rikke Graber, Houston, for appellee.

Before SEARS and LEE, JJ., and MORSE, J., Assigned.

## OPINION

SEARS, Justice.

Appellant pled guilty to the charge of burglary of a habitation. The court deferred adjudication, placed Appellant on probation for 6 years, and assessed a three hundred dollar fine. On September 17, 1991, Appellant filed a motion to dismiss his pending charges, contending civil commitment papers had been filed, and that he could not be civilly committed while criminal charges were pending. The State neither joined in the motion nor objected to it. The trial court dismissed the charges. The State never appealed the dismissal.

On July 30, 1992, over ten months after the dismissal, the State filed a motion to adjudicate guilt, alleging Appellant had violated the terms and conditions of his probation. The trial court set the motion for a hearing. On August 14, 1992, the trial court found Appellant guilty of burglary of a habitation. Punishment was assessed at 6 years confinement in the Texas Department of Criminal Justice—Institutional Division. Appellant brings twelve points of error. We reverse.

In his first two points of error, Appellant attacks the adjudication of his guilt alleging that the indictment had already been dismissed. He claims that the order dismissing the charges renders the adjudication invalid on jurisdictional grounds. The State maintains that the trial court lacked jurisdiction to dismiss the charges, and therefore any attempted dismissal was a nullity.

We agree with the State's position on the power of the trial court to dismiss indictments. "There is no general authority, written or unwritten, inherent or implied, which would permit a trial court to dismiss a case without the prosecutor's consent." *State v. Johnson,* 821 S.W.2d 609, 613 (Tex. Crim.App.1991). However, a trial court has implicit power to dismiss a case without the State's consent if the dismissal is authorized by a constitutional provision, a statute, or through common law. *Johnson* at 612. For example, a court can dismiss a case without the State's consent when an accused has been denied a speedy trial, when an accused is detained and no charging instrument is presented, or when there is a defect in the charging instrument. *Johnson* at 612, fn. 2; See also, *State v. Morales,* 844 S.W.2d 885 (Tex.App.—Austin 1992, no pet). The State may then *appeal* the dismissal pursuant to TEX.CODE CRIM.PROC.ANN. art. 44.01 (Vernon Supp.1994).

In this case, the prosecutor did not consent to the dismissal, and we can find no

constitutional provision, statute or law which would authorize it. *See,* TEX.CODE CRIM. PROC.ANN. arts. 46.01 & 46.02 (Vernon 1979) and (Vernon Supp.1994), and TEX.HEALTH & SAFETY CODE ANN. § 571.001 et seq (Vernon 1992) and (Vernon Supp.1994). However, the prosecutor also did not object to the order, nor appeal the dismissal. The State has fifteen days to appeal an order dismissing an information or indictment. TEX.CODE CRIM.PROC.ANN. art. 44.01(d) (Vernon Supp. 1994), and *State v. McKinney,* 803 S.W.2d 374, 376 (Tex.App.—Houston [14th Dist.] 1990, no pet).

Article 44.01 provides in pertinent parts:

(a) the state is entitled to appeal an order of the court in a criminal case if the order:

(1) dismisses an indictment. . . .

(d) the prosecuting attorney may not make an appeal under subdivision (a) or (b) of this article later than the 15th day after the date on which the order, ruling or sentence to be appealed is entered by the court.

The Legislature clearly provided the State with the means to appeal a trial court's dismissal of an indictment. However, that right does not exist unless the appeal is taken no longer than "the fifteenth day after the date on which the order . . . is entered by the trial court." See, *State v. McKinney,* 803 S.W.2d 374, 376 (Tex.App.—Houston [14th Dist.] 1990, no pet). Article 44.01(d) "does more than merely prescribe a procedural deadline for filing the . . . notice of appeal. . . . *It limits the State's substantive authority to appeal.*" *State v. Demaret,* 764 S.W.2d 857 (Tex.App.—Austin 1989, no pet) (emphasis added). Therefore, the State has no right of appeal after the 15 day limit has expired. *McKinney* at 377.

Any claim by the State that the trial court wrongfully dismissed an indictment should be raised by appeal. See, TEX.CODE CRIM.PROC. ANN. art. 44.01 (Vernon Supp.1993) and *State v. Johnson (supra).* The State, in this case, chose to do nothing, and proceed as if no order of dismissal existed. Because the State did not appeal the order of dismissal, the order was, and is, final.

We find no case law dealing with the right of the State to ignore an order of dismissal, or the jurisdiction of the trial court to convict on an indictment it previously dismissed—and on which no reindictment was offered or appeal taken. However, we believe that logic and justice require that such a dismissal *will become valid* unless the defendant is reindicted, or the State timely appeals the dismissal. Had the State timely appealed the dismissal in this case, we would have undoubtedly reversed and remanded.

There is no provision in the law for the State to *untimely* appeal a trial court's dismissal of an indictment. Further, such action by the trial court should become final when the time for appeal expires. *State ex rel. Sutton v. Bage,* 822 S.W.2d 55 (Tex.Crim. App.1992). In every other situation where the trial court has the authority or implicit power to dismiss an indictment, the State must appeal pursuant to Article 44.01. We believe the failure to do so is fatal, and the order of dismissal is final.

Therefore, we hold that the subsequent acts of the court in adjudicating Appellant's guilt are void due to the finality of the order of dismissal. Appellant's first and second points of error are sustained, the judgment of the trial court is reversed, and Appellant is ordered acquitted of the charges.