**Chester Marquez IRVING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 676–94.**

Court of Criminal Appeals of Texas,
En Banc.

May 29, 1996.

Georgianne Spiller, Houston, for appellant.

Rikke Burke Graber, Assist. D.A., Houston, Robert A. Huttash, State's Atty., Austin, for the State.

### OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

On November 4, 1987, Appellant pled guilty to burglary of a habitation. The trial

court deferred adjudication of guilt and placed Appellant on probation for six years. On September 17, 1991, the trial court granted Appellant's "MOTION TO DISMISS FOR MENTAL HEALTH COMMITMENT," which stated that the pending criminal charges were dismissed. Despite this dismissal order, on December 18, 1991, the State filed a motion to adjudicate, which motion was signed by the same trial judge who had signed the dismissal order. Subsequently, the State filed an amended motion to adjudicate and on August 14, 1992, the trial court held a hearing and adjudicated Appellant's guilt. At the hearing no mention was made of the dismissal order. The court sentenced Appellant to confinement for six years.

The Court of Appeals held that the dismissal order was void because the trial court had no authority to dismiss the case without the prosecutor's consent and no statute, common law, or constitutional provision authorized the dismissal. *Irving v. State,* 879 S.W.2d 220, 222 (Tex.App.—Houston [14th] 1994). See *State v. Johnson,* 821 S.W.2d 609 (Tex.Cr.App.1991). However, the court found that because the State never appealed that void order or reindicted Appellant, the order became valid. *Irving,* 879 S.W.2d at 222. Accordingly, the court reversed the conviction, holding that the trial court had no jurisdiction to adjudicate Appellant's guilt. *Id.*

We granted the State's petition for discretionary review to consider whether the State's failure to appeal a void dismissal order caused that order to become valid and whether the trial court had jurisdiction to act after it entered the void order. However, the dismissal order is not void because the trial court had statutory authority to dismiss Appellant's deferred adjudication probation. Article 42.12, § 3d(c), V.A.C.C.P. (1979).[1] Because the dismissal order was not void, we need not address the State's ground for review. But see *Hoang v. State,* 872 S.W.2d 694, 698–699 (Tex.Cr.App.1993); *Johnson,* 821 S.W.2d at 612–614; *Ex parte Spaulding,* 687 S.W.2d 741, 743 (Tex.Cr.App.1985).

With these comments, we affirm the judgment of the Court of Appeals.

McCORMICK, Presiding Judge, dissenting.

I respectfully dissent. The record in this case reflects appellant was initially placed on deferred adjudication probation on November 4, 1987. The conditions of appellant's probation were amended eight times between November 4, 1987, and September 17, 1991. During this period of time, the State filed four motions to adjudicate appellant's guilt which apparently were resolved by amending the conditions of appellant's probation.

The record further reflects that two events occurred on September 17, 1991, apparently in response to the State's August 14, 1991, motion to adjudicate appellant's guilt. First, on September 17, 1991, the trial court signed an order, which amended the conditions of appellant's probation an eighth time, requiring appellant to participate in a community-based program at the Harris County Psychiatric Center until successfully discharged or until further order of the trial court. The docket sheet also reflects that the State's August 14, 1991, motion to adjudicate was overruled on September 17, 1991, and that the conditions of appellant's probation were amended to require appellant "to be released to the Harris County Psychiatric Facility when a bed becomes available."

Also appearing in the transcript is appellant's "Motion to Dismiss For Mental Health Commitment" which he filed on September 17, 1991. This motion requested the trial court to dismiss the pending criminal charges on the basis that "civil commitment papers were filed on" appellant on August 29, 1991, "due to [appellant's] psychiatric history."

---

1. This provision stated in relevant part: "The court may dismiss the proceedings and discharge the defendant prior to the expiration of the term of [deferred adjudication] probation if in its opinion the best interest of society and the defendant will be served." The provision is currently codified, with some changes, at Article 42.12, § 5(c) (1996).

There is no showing in the record that the State ever received a copy of this motion. Also, on September 17, 1991, the trial court signed an order, which was attached to appellant's September 17, 1991, motion, dismissing the pending criminal charges and ordering the Harris County Sheriff to hold appellant "until a bed becomes available at the Harris County Psychiatric Facility," and further ordering that "Constables must be ordered to transfer [appellant] to the Harris county (sic) Psychiatric Facility at such time as a bed is available." There is no showing in the record that the State ever received a copy of this order.

The record next reflects that the State filed another motion to adjudicate appellant's guilt on December 18, 1991. And, the State filed another motion to adjudicate appellant's guilt on July 30, 1992. The trial court signed an order adjudicating appellant's guilt on August 14, 1992, and sentencing appellant to six years confinement. The docket sheet reflects the trial court signed this order after a brief hearing at which the trial court found the allegations in the motion to revoke appellant's probation to be true. Appellant made no claim in the trial court that it lacked the authority to adjudicate his guilt on August 14, 1992, because the trial court had dismissed the charges on September 17, 1991. The State apparently had no idea of the trial court's September 17, 1991, order dismissing the charges.

Appellant appealed the trial court's August 14, 1992, order adjudicating his guilt to the Houston Court of Appeals, Fourteenth District. See *Irving v. State*, 879 S.W.2d 220 (Tex.App.—Houston [14th Dist.] 1994). Appellant claimed for the first time on appeal "that the order dismissing the charges renders the adjudication invalid on jurisdictional grounds." See *Irving*, 879 S.W.2d at 221. The Court of Appeals agreed with the State that the trial court had no authority to dismiss the charges without the State's consent but went on to hold the trial court's September 17, 1991, order dismissing the charges became valid when it became final after the State's failure to appeal from it. See *Irving*, 879 S.W.2d at 222.

This Court granted the State's petition for discretionary review to address this holding. A majority of this Court has decided to affirm the judgment of the Court of Appeals because the trial court had the authority to sign the September 17, 1991, dismissal order. However, assuming the trial court's general authority to sign the order, I would hold on this record that the trial court had no authority to dismiss the charges without notice to the State and an opportunity to be heard. Just as fairness is due the accused, it is also due the accuser, i.e., the State.

Moreover, the record is not at all clear that the trial court intended to dismiss the criminal charges. See Tex.R.App.Proc. 50(d) (it is appellant's burden to present a sufficient record showing error requiring reversal). The trial court simply intended to amend the conditions of appellant's probation as evidenced by the trial court signing another order on September 17, 1991, that only amended the conditions of appellant's probation. This conclusion is further supported by the fact that after September 17, 1991, the State filed two motions to adjudicate appellant's guilt with the trial court ultimately holding a hearing and adjudicating appellant's guilt. More importantly, even though he had an opportunity to do so, appellant never urged the trial court that it lacked the authority to adjudicate his guilt on August 14, 1992. In short, the record reflects that all interested parties acted as if no dismissal of the charges occurred on September 17, 1991.

Under these particular circumstances, I also would hold appellant is estopped to complain about the trial court adjudicating his guilt on August 14, 1992. In the alternative, I would, pursuant to Tex.R.App.Proc. 2(b), decide the entire record taken as a whole fails to show the trial court dismissed the charges on September 17, 1991.

Based on the foregoing, I would reverse the judgment of the Court of Appeals and remand the case to that Court to consider appellant's other points of error. I respectfully dissent.

MEYERS, Judge, dissenting.

In affirming the court of appeals, this Court cites to a statute that was neither relied upon nor referenced to by either the defendant, in moving for the dismissal, or the trial court, in granting the defendant's motion. *See* Tex.Crim.Proc.Code Ann. art. 42.12, § 5(c).[1] In fact, the trial court cited no authority in its order granting defendant's motion and both the defendant and the State, in their briefs to this Court, focus their discussions on whether Tex.Crim.Proc.Code Ann. art. 46.02, § 7 provided the trial court with the authority to dismiss the pending charges against the defendant. Thus, pursuant to both the ground upon which we granted the State's petition for discretionary review and the arguments that were fully briefed by both parties, this Court was to determine 1) whether art. 46.02, § 7 gave the trial court the authority to summarily dismiss the pending charges against the defendant and if not, then 2) was the trial court's error in granting the dismissal order jurisdictional in nature or an ordinary legal error that the State had to preserve.

The majority, however, makes neither of the above determinations because, as they correctly note, the trial court had the statutory authority to dismiss the pending charges pursuant to art. 42.12, § 5(c) (formerly 42.12 § 3d(c)). Although the trial court did not specify the reason for granting defendant's motion to dismiss, its decision will nevertheless be sustained if it is correct on any theory of law applicable to the case. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990). The application of *Romero* to this case is problematic, however, because, by finding a ground upon which to support the trial court, the majority needed not and, thus, did not, address either the State's ground for review or any other argument fully briefed by both parties.

For this reason, I would dismiss the State's petition for discretionary review as improvidently granted.

---

1. Art. 42.12, § 5(c) reads, in pertinent part:

The court may dismiss the proceedings and discharge the defendant prior to the expiration of the term of [deferred adjudication] probation if in its opinion the best interest of society and the defendant will be served.