**The STATE of Texas, Appellant,**

v.

**Charles E. SEIDEL, Jr., Appellee.**

**No. 04–98–00756–CR.**

Court of Appeals of Texas,
San Antonio.

Aug. 18, 1999.

Robert Covington, County Atty., Seguin, for appellant.

Patricia A. Finch, Finch & Finch, Seguin, for appellee.

Sitting: TOM RICKHOFF, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

**OPINION**

Opinion by: KAREN ANGELINI, Justice.

The State of Texas appeals the trial court's order granting habeas corpus relief to Charles E. Seidel, Jr. on grounds of double jeopardy and collateral estoppel. Raising a single issue on appeal, the State contends that the trial court abused its discretion in granting habeas relief because Seidel did not carry his burden of proving either previous jeopardy or previously litigated facts. Because we find that the State waived this error, we affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 17, 1997, appellant, Charles Seidel, was arrested for driving while intoxicated. Seidel was released on bond. In December of 1997, the district attorney's office rejected the case after determining that it could not be prosecuted as a felony offense. No indictment was filed. On April 16, 1998, a district judge heard Seidel's request for habeas corpus relief. Seidel sought discharge of his bond and dismissal of the prosecution based on the State's delay in presenting an indictment or information charging him with a crime.

During the hearing, the State's attorney notified the court that the district attorney's office had rejected the case and that it had no intention of pursuing the matter further. He noted that the case had been forwarded to the county attorney's office for prosecution as a misdemeanor offense. An assistant county attorney was present at the hearing and he assured the court that the county attorney's office intended to prosecute Seidel for misdemeanor driving while intoxicated. The district judge had his clerk contact the county clerk's office to determined whether an information had been filed, but no information was on file at that time. Relying on article 32.01 of the Texas Code of Criminal Procedure, the district judge discharged Seidel from bail and dismissed the prosecution "on the merits with prejudice." [1]

The county attorney subsequently filed a complaint and information in county court, charging Seidel with misdemeanor driving while intoxicated. Seidel filed a special plea of collateral estoppel and a pre-trial application for writ of habeas corpus seeking relief on double jeopardy grounds. Following a hearing, the county court issued a written opinion stating that the district court's order dismissing the prosecution with prejudice barred the refiling of a lesser charge arising out of the same transaction. Accordingly, the county court granted habeas relief and ordered the information dismissed. It is from this order that the State appeals.

## ARGUMENT AND AUTHORITY

The State bases its assertion that the county court abused its discretion in granting Seidel habeas relief on several grounds, one of which is the State's contention that the county court misapplied the applicable law. We agree, but find that the State waived this error by failing to appeal the district court's erroneous order.

According to its written opinion, the county court granted Seidel habeas relief based upon its belief that the district court's order dismissing the prosecution with prejudice was a correct application of articles 28.061 and 32.01 of the Texas Code of Criminal Procedure. Because the county court deemed the district court's original dismissal appropriate, it saw "no option" but to grant the requested double jeopardy/collateral estoppel relief. However, after reviewing the applicable statutes and case law, we conclude that the district court's application of articles 28.061 and 32.01, as reflected in its order, was erroneous.

The source of the courts' errors lies in their analysis of article 28.061 as it read prior to its amendment in 1997. Prior to 1997, when a prosecution was dismissed for delay in filing an indictment under article 32.01, article 28.061 was triggered, which resulted in a bar to further prosecution. Specifically, article 28.061 provided that:

If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant. A

---

1. The reporter's record of the hearing is inconsistent with the order contained in the clerk's record. At the hearing, the district court indicated that it was only discharging Seidel from bail and that it was denying Seidel's motion for dismissal of the prosecution with prejudice. The signed order, however, provides that Seidel's motion for dismissal of the prosecution with prejudice is granted.

discharge under this article *or Article 32.01 of this code* is a bar to any further prosecution for the offense discharged and for any other offense arising out of the same transaction. . . .

Act of September 1, 1987, 70th Leg., R.S., ch. 383, § 1, 1987 Tex. Gen. Laws 1885 (current version at TEX.CODE CRIM. PROC. ANN. art. 28.061 (Vernon1989), *amended by* Act of May 26, 1997, 75th Leg., R.S., ch. 289, § 1, 1997 Tex. Gen. Laws 1304. When article 28.061 was amended in 1997, reference to article 32.01 was deleted. *See* TEX.CODE CRIM. PROC. ANN. art. 28.061 (Vernon Supp.1999). Therefore, article 28.061 no longer applies to a discharge under article 32.01, and a defendant's remedy is controlled only by the terms of article 32.01, which is a means of avoiding prolonged pre-charge confinement or bail. *See* 41 GEORGE E. DIX & ROBERT O. DAWSON, CRIMINAL PRACTICE AND PROCEDURE § 23.81 (Texas Practice Supp.1999). In other words, while the defendant may be discharged from custody under article 32.01, he is not free from subsequent prosecution. *Id.*

The 1997 amendment of article 28.061 went into effect on May 26, 1997, and applied only to the prosecution of a defendant arrested for an offense on or after that date. *See* TEX.CODE CRIM. PROC. ANN. art. 28.061 historical note (Vernon Supp. 1999) [Act of May 26, 1997, 75th Leg., R.S., ch. 289, § 4, 1997 Tex. Gen. Laws 1304]. Seidel was arrested on August 16, 1997, so the amended statute applies in this case. Accordingly, although, under article 32.01, Seidel was entitled to a discharge from bail because of the State's failure to timely file an indictment, article 28.061 could not be properly used to bar the State from filing subsequent charges anytime within the limitation period.

■ While the application of the pre-amendment statute to these facts was error on part of both the district and county courts, we find that the State waived this error when it failed to appeal the district court's order dismissing the prosecution with prejudice. Any claim by the State that the trial court wrongfully dismissed an indictment should by raised by appeal within fifteen days. *See* TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(1) & (d) (Vernon Supp.1999). Because the State did not appeal the district court's order of dismissal, the order is final. *See Irving v. State,* 879 S.W.2d 220, 222 (Tex.App.-Houston [14th Dist.] 1994), *aff'd,* 922 S.W.2d 959 (Tex.Crim.App.1996).[2] And because it was faced with a final order dismissing a prosecution with prejudice, the county court was, to some degree, correct in its assertion that it had "no option" but to dismiss the information on double jeopardy/collateral estoppel grounds.

It seems, then, that the State's complaint lies with the district court's action, not the county court's. However, the State apparently believes that neither article 32.01 nor article 28.061 apply in county court and that, therefore, the district court's order, which relied on article 32.01, did not apply to a subsequent prosecution in county court. Based on this belief, the State elected to file an information in county court. This was done in spite of the fact that there was an order purporting to dismiss Seidel's prosecution *with prejudice* in effect at the time the information was filed. Even if the State was certain that the district court's order did not prevent it from filing a subsequent information, the order purported to do so. In such a circumstance, the State was bound, not to simply disregard the order, but to appeal it. Unfortunately, because the State chose to circumvent the procedure established for contesting a trial court's action, it has

**2.** We note that the court of criminal appeals did not conclusively address the issue of "whether the State's failure to appeal a void dismissal order caused that order to become valid" when it affirmed the appellate court's

decision in *Irving v. State. See Irving v. State,* 922 S.W.2d 959, 960 (Tex.Crim.App.1996). In such case, we choose to follow the appellate court's decision.

waived its right to complain of a clearly erroneous ruling. *See id;* TEX.R.APP. P. 33.1(a). The judgment of the trial court is affirmed.