Opinion issued February 12, 2004












In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-03-01174-CR
          01-03-01175-CR
          01-03-01176-CR
____________

THE STATE OF TEXAS, Appellant

V.

DAVID S. WARE, KELLY CHEEK, and
GALVANIZING SERVICES COMPANY, INC., Appellees




On Appeal from County Criminal Court at Law No. 9
Harris County, Texas
Trial Court Cause Nos. 1142230, 1142232, and 1142228



 
MEMORANDUM OPINION
               We lack jurisdiction to hear these State’s appeals. Appellees filed motions
to quash the informations that the trial court granted on October 17, 2003. On that
date, the trial court signed an order in each case granting the motions to quash and
dismissing the informations. The State filed notices of appeal on November 5, 2003.

               The State is entitled to appeal an order that dismisses an information. Tex.
Code Crim. Proc. Ann. art. 44.01(a)(1) (Vernon Pamph. 2004). However, “[t]he
prosecuting attorney may not make an appeal under Subsection (a) . . . of [article
44.01] later than the 15th day after the date on which the order . . . to be appealed is
entered by the court.” Tex. Code Crim. Proc. Ann. art. 44.01(d) (Vernon Pamph.
2004). See also Tex. R. App. P. 26.2(b). The Court of Criminal Appeals has
interpreted “entered by the court” to encompass the signing of an order by the trial
judge. State ex rel. Sutton v. Bage, 822 S.W.2d 55, 57 (Tex. Crim. App. 1992).

               The fifteenth day following the trial court’s October 17, 2003 orders was
Saturday, November 1, 2003. The deadline for filing the State’s notices of appeal
was therefore Monday, November 3, 2003. See Tex. R. App. P. 4.1(a). The State has
no right of appeal after the 15-day limit has expired. Irving v. State, 879 S.W.2d 220,
222 (Tex. App.—Houston [14th Dist.] 1994), aff’d on other grounds, 922 S.W.2d 959
(Tex. Crim. App. 1996). We hold that the State’s notices of appeal, filed on
November 5, 2003, two days after the deadline, were untimely and fail to vest this
Court with jurisdiction.

               We dismiss the appeals for lack of jurisdiction.


               It is so ORDERED.

PER CURIAM

Panel consists of Justices Taft, Keyes, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).