

# NUMBER 13-21-00200-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE TARUNKUMAR "RAVI" MURJANI

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Hinojosa[1]

On June 24, 2021, relator Tarunkumar "Ravi" Murjani filed a petition for writ of mandamus seeking to compel the trial court to vacate its November 11, 2020 "Order Partially Granting Independent Executor's Amended Motion for Information and Accounting and Order Setting Hearing on Remaining Relief Requested by Independent

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Executor."[2] Relator asserts that the trial court abused its discretion and acted "without plenary power and the requisite jurisdiction" when (1) it issued a discovery order compelling the "extensive" production of documents; (2) the discovery order was inconsistent with a final agreed order, which rendered the documents sought irrelevant; and (3) the "document production served no other purpose but to facilitate one party's improper and untimely efforts to contest the relief afforded through the final agreed order."

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that "(1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal." *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts with disregard for guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d at 840. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding); *In re Essex Ins. Co.*, 450

---

[2] This original proceeding arises from trial court cause number P-36,766 in the Probate Court of Hidalgo County, Texas, and the respondent is the Honorable JoAnne Garcia. *See id*. R. 52.2. We dispose of a related petition for writ of mandamus arising from an ancillary proceeding in a separate opinion issued on this same date. *See In re Murjani*, No. 13-21-00201-CV, 2021 WL _____, at *_ (Tex. App.—Corpus Christi–Edinburg Sept. __, 2021, orig. proceeding) (mem. op.).

S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by Sunder Murjani, Individually and as Independent Executor of the Estate of Lal Rewachand Murjani, Deceased, relator's reply, and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified an order granting temporary relief is effective until the case is finally decided."). We deny the petition for writ of mandamus.

LETICIA HINOJOSA
Justice

Delivered and filed on the
29th day of September, 2021.