

# NUMBER 13-21-00362-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

## IN RE CHRISTOPHER WAYNE HOLT

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Benavides[1]

By petition for writ of mandamus, pro se relator Christopher Wayne Holt seeks to compel the trial court to (1) stay the underlying modification proceeding, (2) preferentially set relator's fourth amended motion for enforcement and order to appear for hearing, (3) order the real party in interest Michelle Ann Fraze to personally appear, and (4) consider and rule on relator's motion.[2] *See* TEX. FAM. CODE ANN. § 157.061(a) ("On filing a motion

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This case arises from trial court cause number 09-01754-D in the 105th District Court of Nueces County, Texas. Relator has previously pursued other requests for relief in this Court. *See In re Holt*, No.

for enforcement requesting contempt, the court shall set the date, time, and place of the hearing and order the respondent to personally appear and respond to the motion."). Relator has also filed a motion for emergency stay and temporary relief.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that "(1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal." *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts with disregard for guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d at 840. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding); *In re Essex Ins. Co.*, 450

---

13-21-00231-CV, 2021 WL 3233866, at *1 (Tex. App.—Corpus Christi–Edinburg July 29, 2021, orig. proceeding) (denying relator's petition for writ of mandamus seeking to compel various forms of relief); *In re Holt*, No. 13-21-00009-CV, 2021 WL 317640, at *1 (Tex. App.—Corpus Christi–Edinburg Jan. 27, 2021, orig. proceeding) (mem. op.) (denying relator's petition for writ of mandamus seeking to compel the trial court to vacate its order referring the underlying case to mediation, set relator's motion for enforcement for hearing, rule on relator's motion for substitute service, and order the real party in interest to personally appear in the proceedings below); In re S.J., No. 13-20-00543-CV, 2021 WL 921797, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 11, 2021, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction); *In re Holt*, No. 13-20-00510-CV, 2020 WL 7063694, at *1 (Tex. App.—Corpus Christi–Edinburg Dec. 2, 2020, orig. proceeding) (mem. op.) (denying relator's petition for writ of mandamus seeking to set aside an oral order holding relator in contempt, but suspending confinement, for violations of a previous order regarding child custody and possession); *In re S.H.*, No. 13-20-00247-CV, 2020 WL 6601602, at *1 (Tex. App.—Corpus Christi–Edinburg Nov. 12, 2020, no pet. h.) (mem. op.) (dismissing as moot relator's appeal of an order denying his request to proceed as indigent because the trial court vacated the order subject to appeal); *In re Marriage of Holt*, No. 13-20-00166-CV, 2020 WL 5582362, at *1 (Tex. App.—Corpus Christi–Edinburg Sept. 17, 2020, no pet.) (mem. op.) (dismissing relator's appeal of an order on special exceptions and a motion to strike for want of jurisdiction).

S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the relator has not met his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus, and we likewise deny relator's motion for emergency stay and temporary relief.

GINA M. BENAVIDES
Justice

Delivered and filed on the
22nd day of October, 2021.