## Ex Parte Edward White.

### No. 3455.   Decided December 12, 1906.

**Habeas Corpus—Theft—Plea of Guilty—Minority—Appeal—Reformatory.**

The fact that defendant was a minor would not preclude his entering a plea of guilty to a criminal charge; and where defendant plead guilty to theft over the value of $50, and was duly sentenced at two years in the penitentiary, he could not plead his minority and right to be sent to the reformatory in a habeas corpus proceedings, or take advantage of any matter which would have merely rendered the judgment voidable and not void if the complaint had been made on appeal. The writ of habeas corpus cannot be used as a right of appeal.

Appeal from the District Court of San Jacinto. Tried below before the Hon. L. B. Hightower.

Appeal from an order remanding relator, who was a State convict, to custody upon proceeding by habeas corpus.

The opinion states the case.

*John C. Williams,* for relator.—On question of void judgment: Ex parte Reynolds, 35 Texas Crim. Rep., 439. On question of proof: White v. Joyce, 158 U. S., 128. On question of plea of guilty: Sanders v. State, 18 Texas Crim. App., 374. On question of minority: Wells v. Hardy, 51 S. W. Rep., 504.

*J. E. Yantis,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was indicted and convicted in the District Court of San Jacinto County of the theft of money over the value of $50. Upon being arraigned he expressed the desire to plead guilty. The judge thereupon warned appellant of the consequences of such plea. Appellant assured the court that it was not made through any fear or by any persuasion or delusive hope of pardon, and he knew the consequences thereof. Therefore the court wrote out his charge, and instructed the jury, in substance, in view of appellant's plea of guilt their duty would merely be to assess his punishment, which would be not less than two nor more than ten years confinement in the penitentiary. The jury returned a verdict assessing appellant's punishment at two years in the penitentiary. The judgment of the court is in all things regular. In due time he was properly sentenced to the penitentiary for two years. All of the proceedings are regular. Appellant was placed in the penitentiary; and he sued out a writ of habeas corpus before Hon. L. B. Hightower, district judge, and upon the trial among other things, the following facts were adduced, in addition to those above stated: That appellant was 14 years and 2 months of age; that after the verdict had been returned and received by the court, appellant requested the court to allow him to waive the two days allowed by law in which to file motion for new

trial and pass sentence upon him. Upon the hearing of the writ of habeas corpus, appellant was remanded to the custody of the penitentiary authorities, and from the judgment thereon he has appealed to this court.

Appellant insists that the judgment of conviction is void; first, upon the ground that there is no proof, as the law requires, introduced before the jury prior to the verdict; second, that the two days were refused appellant after return of the indictment in which to prepare for trial; third, because the judgment and sentence were pronounced by the court on the same day that the verdict of the jury was received by the court, and appellant was denied two days in which to make a motion for new trial; fourth, because the habeas corpus trial shows that the court adjourned on the same day that the court passed the sentence, being the same day upon which the verdict of the jury was returned into court, and thus denied to appellant the right of appeal.

The statute requires, where an accused is under the age of 16 years, the court to submit the question to the jury in his charge as to whether or not such accused should be placed in the penitentiary or State reformatory. But in this case no evidence was introduced upon the trial. No appeal was prosecuted. Appellant now seeks relief by habeas corpus for irregularities in the trial that could have been availed of by appeal. The writ of habeas corpus is not available as a means of effecting the purpose of an appeal. Perry v. State, 41 Texas, 488; Ex parte Schwartz, 2 Texas Crim. App., 74; Ex parte Oliver, 3 Texas Crim. App., 345.; Ex parte Dickerson, 30 Texas Crim. App., 448. The matters complained of by appellant would have merely rendered the judgment voidable, and not void, if the complaint had been made on appeal. This being true, the writ of habeas corpus cannot be used as a right of appeal. Ex parte Boland, 11 Texas Crim. App., 159; Ex parte Crawford, 36 Texas Crim. Rep., 180.

The fact that appellant was a minor would not preclude his entering a plea of guilty to a criminal charge. The sheer fact that if appellant had sued or been sued in a court on a civil action would necessarily have been represented by a guardian ad litem, has no bearing in a criminal prosecution. The matters complained of as stated above, become mere irregularities in the course of a judicial trial, which should have been availed of by appellant during the trial as provided by the Code of Criminal Procedure. Ex parte Wood, 36 Texas Crim. Rep., 7. Having failed to do this, he cannot invoke the writ of habeas corpus. The judgment is affirmed.

*Affirmed.*