**Ex parte Charles E. SEIDEL, JR.,**[1]

**No. 1790–99.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 28, 2001.

---

1. 39 S.W.3d 591 (Tex.2001).

1. The court of appeals styled the opinion as *State of Texas v. Charles E. Seidel, Jr.* Be-

cause this case is an appeal of a pre–trial writ of habeas corpus, the correct style is *Ex parte Charles E. Seidel, Jr.*

Patricia A. Finch, Seguin, for appellant.

Matthew Paul, State's Atty., Austin, for the State.

## OPINION

HOLLAND, J., delivered the opinion of the Court in which PRICE, J., KEASLER, J., HERVEY, J., and HOLCOMB, J., joined.

On August, 17, 1997, appellee was arrested for felony driving while intoxicated and was released on a felony bond. The District Attorney's Office rejected the case on December 7, 1997—it never filed an indictment or an information in district court. On April 16, 1998, appellee filed a writ of habeas corpus asserting that because the State delayed in obtaining an indictment as required under Texas Code of Criminal Procedure Article 32.01, the prosecution and bail should be discharged. The district court granted this motion on the merits, dismissing both the prosecution and the bail *with prejudice.* The State did not appeal the district court's ruling.

The Guadalupe County Attorney's Office then filed a complaint and information against appellee in county court, charging him with misdemeanor driving while intox-

icated. On June 9, 1998, appellee filed a Special Plea of Collateral Estoppel, alleging that the County Attorney's Office was barred from prosecuting the misdemeanor driving while intoxicated because "the facts necessary to prove the case ... are the exact same facts and elements which have resulted in a judgment which was terminated by a final order or judgment for the defendant that has not been reversed, set aside or vacated." Appellee also filed a pre-trial writ of habeas corpus, arguing that prosecution was barred by the Double Jeopardy Clauses of the United States and Texas Constitutions. The county court granted appellee's application, stating that because the prosecution was dismissed with prejudice, the State was not permitted to file a lesser charge stemming from the same transaction.

The State appealed the county court's ruling and asserted that the county court misapplied the applicable law, thereby abusing its discretion in granting appellee habeas relief. The court of appeals agreed with the State and concluded that although appellee was entitled to a discharge from bail, the State was not barred "from filing subsequent charges anytime within the limitation period." *State v. Seidel*, 2 S.W.3d 524, 526 (Tex.App.—San Antonio 1999). It found, however, that the "State waived this error when it failed to appeal the district court's order dismissing the prosecution with prejudice." *Id.*

This Court granted the State's Petition for Discretionary Review to determine whether "the State waive[s] its right to appeal an order dismissing an information by failing to appeal an earlier void order that purported to dismiss the prosecution 'with prejudice'."[2] The State argues that the court of appeals holding conflicts with our decision in *State v. Johnson*, 821 S.W.2d 609 (Tex.Crim.App.1991). Because the district court did not have the authori-

ty or jurisdiction to dismiss the felony driving while intoxicated "with prejudice," the State contends that order was void.

■ We first address whether the trial court had *jurisdiction* to dismiss the felony "with prejudice." Generally, a district court lacks jurisdiction over a case when an information or indictment has not yet been filed in that court. *See Ex parte Dobbs*, 978 S.W.2d 959, 962 (Tex.Crim.App. 1998) (stating that a district court has no jurisdiction of a criminal case until presented with an indictment or information.); *Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex. Crim.App.1980) (stating that "it is well settled that a valid indictment, or information if indictment is waived, is essential to the district court's jurisdiction in a criminal case."). In this case, an information or indictment had not yet been filed when the trial judge dismissed the bail and prosecution against appellee. The district court, however, had proper jurisdiction to act under the Speedy Trial Act because appellee was "held to bail for his appearance to answer any criminal accusation before the district court." *See* TEX.CODE CRIM. PROC. ANN. Art. 32.01.

■ Next, we address whether the district court had the *authority* to dismiss the prosecution with prejudice. In *State v. Johnson*, this Court stated, "a court may take a particular action only if that action is authorized by constitutional provision, statute or common law, or the power rises from an inherent or implied power." *Id.* at 612. Generally, a trial court does not have the power to dismiss a case unless the prosecutor so requests. *See id.* at 613. A trial court does, however, have the power to dismiss a case without the State's consent under Texas Code of Criminal Procedure Article 32.01. *See id.* at 612 n. 2. Article 32.01 provides,

---

**2.** In its petition for discretionary review, the State Prosecuting Attorney's Office presented two grounds for review. The list of granted petitions for discretionary review for January 19, 2000, erroneously indicated that we had granted both grounds. A check of the relevant paperwork indicates that we actually granted only ground one, which is discussed in this opinion. Therefore, the second ground is dismissed as improvidently granted.

When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant on or before the last day of the next term of the court which is held after his commitment or admission to bail or on or before the 180th day after the date of commitment or admission to bail, whichever is later.

Tex.Code Crim. Proc. art. 32.01. Effective May 6, 1997, Article 28.061 [3], which bars further prosecution for a discharged offense, was amended, and that article no longer applies to a discharge under Article 32.01. Therefore, even if a defendant is entitled to discharge from custody under Article 32.01, that defendant is not free from subsequent prosecution. *See* 41 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 23.81 (Supp.2000).

▆ Because appellee was arrested after the change to Article 28.061 had taken effect, the district court in the instant case wrongly dismissed appellee's prosecution "with prejudice." There is no statutory or constitutional provision allowing a dismissal with prejudice, the prosecutor did not consent to a dismissal with prejudice, and the court had no inherent power to dismiss the prosecution with prejudice. *See Johnson*, 821 S.W.2d at 613. In sum, the district court did not have the authority to dismiss the prosecution "with prejudice." Therefore, the court of appeals correctly determined that "[appellee] was entitled to a discharge from bail because of the State's failure to timely file an indictment"

and rightly noted that "Article 28.061 could not be properly used to bar the State from filing subsequent charges anytime within the limitation period." *Seidel*, 2 S.W.3d at 526.

▆ The court of appeals erred, however, in failing to recognize that because the district court judge purported to dismiss the prosecution "with prejudice" beyond the scope of its proper authority, that part of the judgment was void. A trial court may have jurisdiction to act over a case, yet lack authority to act in a particular manner over that case. Lack of *jurisdiction* over a case renders the judgment void, and it may always be collaterally attacked. *See Hoang v. State*, 872 S.W.2d 694, 698 (Tex.Crim.App.1993). Lack of *authority* to act in a particular manner may render the judgment either void or voidable depending on the type of the error, however. Unauthorized acts (or errors) can be characterized as either "illegal" or "irregular." *See Davis v.. State*, 956 S.W.2d 555, 559 (Tex.Crim.App.1997). *See also Ex parte Banks*, 769 S.W.2d 539, 544 (Tex.Crim.App.1989) (Clinton, J., dissenting); *Ex parte White*, 50 Tex.Crim. 473, 98 S.W. 850, 851 (1906). "Illegal acts" are defined as "acts that are not authorized by law." BLACK'S LAW DICTIONARY 598 (7th ed.2000). On the other hand, "irregular acts" are defined as "acts or practices that vary from the normal conduct of an action." BLACK'S LAW DICTIONARY 669 (7th ed.2000); *see also Ex parte Shields*, 550 S.W.2d 670, 675 (Tex.Crim.App.1976) (stating that an irregularity is the "want of adherence to some prescribed rule or mode of proceeding"). While a judgment is merely "voidable for irregularity," it is "void for illegality." *See White*, 98 S.W. at 851.

---

**3.** Article 28.061 states,

If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant. A discharge under this article is a bar to further prosecution for the offense discharged and for

any other offense arising out of the same transaction, other than an offense of a higher grade that the attorney representing the state and prosecuting the offense that was discharged does not have the primary duty to prosecute.

Tex.Code Crim. Proc. Art. 28.061.

Support for the distinction between the two types of unauthorized acts is found in *Davis*, 956 S.W.2d at 559. In *Davis*, this Court recognized that "judicial functions performed by one without any authority to act" may be void. *Id.* at 559. We noted that a conviction was void if the trial judge was constitutionally or statutorily disqualified to preside over the proceedings. *See id.* We further stated that "errors involving the violation of statutory procedure have not been deemed void, but voidable." *Id*. In sum, this Court recognized in *Davis* that errors involving statutory procedure are merely voidable. But it also acknowledged that other non-jurisdictional errors can render a judgment void.[4] *See id.*

██ In this case, the trial judge's dismissal "with prejudice" was more than a variance from the normal conduct; that action was outside the parameters of any rule or procedure in place at that time. We conclude that the trial judge's action was more than a mere violation of statutory procedure. The trial judge's action was not authorized by law and was, therefore, void. *Cf. State ex rel. Eidson v. Edwards*, 793 S.W.2d 1, 5 (Tex.Crim.App.1990) (stating that "[a] trial court judge is without legal authority to remove a District Attorney from a case and, as such, any order attempting to do so is void."); *State ex rel Vance v. Clawson*, 465 S.W.2d 164, 168 (Tex.Crim.App.1971) (holding that because the trial court did not have authority to grant a defendant time credit, that part of the order attempting to grant the time credit was void.).

██ "A void judgment is a nullity from the beginning, and is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." *Ex parte Spaulding*, 687 S.W.2d at 745 (Teague, J., concurring).

Since the trial court's dismissal "with prejudice" was void, it may be attacked either by direct appeal or collateral attack. *See Ex parte Shields*, 550 S.W.2d at 675. Therefore, in the instant case, the State was not required to appeal from the district court's dismissal "with prejudice" in order to bring a subsequent prosecution against appellee.

The judgment of the court of appeals is reversed, and the cause is remanded to that court for proceedings consistent with this opinion.

WOMACK, J., delivered a dissenting opinion in which KELLER, P.J., and MEYERS, J., joined. JOHNSON, J., delivered a dissenting opinion.

WOMACK, J., filed a dissenting opinion in which KELLER, P.J., and MEYERS, J., joined.

Although the State did not appeal from the district court's order that dismissed, with prejudice, its prosecution of the appellee, the Court allows the State to collaterally attack that order in a prosecution of the appellee that the State filed later in another court. The stated reason for allowing this collateral attack is "that because the district court purported to dismiss the prosecution 'with prejudice' beyond the scope of its proper authority, that part of the judgment was void." *Ante* at 224. But lack of authority does not make a judgment void, although we have mistakenly said so more than once.

The Court rests its holding on six opinions that are not precedents for this decision. In fact, four of the six opinions are precedents for a decision opposite to the Court's.

The *ratio decidendi* of the Court's opinion is, "Unauthorized acts (or errors) can be characterized as either 'illegal' or 'irreg-

---

4. For example, this Court has long held that a sentence is void when the punishment is unauthorized. *See Ex parte Beck*, 922 S.W.2d 181, 182 (Tex.Crim.App.1996); *Ex parte McIver*, 586 S.W.2d 851, 854 (Tex.Crim.App. 1979). A punishment exceeding the statutory maximum is not outside the jurisdictional parameters of a trial court. Nevertheless, such a punishment renders the judgment void because it is illegal, *i.e., unauthorized by law.*

ular.'"[1] Three opinions are cited in support of this notion, with primary reliance on *Davis v. State.*[2] The opinion in *Davis* does not characterize any act as "illegal" or "irregular." The words do not even appear in the opinion. *Davis* distinguished mere procedural error, on the one hand, from lack of jurisdiction in a court and lack of qualification of the judge.[3] The question was whether a judgment of probation was "void" because the district court's transfer of the case to a magistrate was not entered before the magistrate heard the case. The holding was that the judgment was voidable, but not void, because the error did not affect either the jurisdiction of the court or the qualifications of the judge.

> The error in this case concerned the process by which the district judge referred this case to its surrogate, whose acts were adopted by the trial court. Therefore, jurisdiction was not affected and the order placing Appellant on probation was not void even though a procedural irregularity arose due to the untimeliness of the referral order. This is not to say that the case was properly transferred, only that the error was not jurisdictional and the conviction is not void.[4]

If the *Davis* reasoning were applied to today's case, the judgment of the

A second case that the Court cites today, *Ex parte White,*[5] is also contrary to today's holding. There too the Court made no distinction between "illegal" and "irregular" acts; the words do not appear in the opinion. The question was whether a minor who pleaded guilty and was sentenced to the penitentiary could have habeas corpus relief from the judgment because there was no proof, or finding by the jury, that he should be placed in the penitentiary rather than the reformatory. The Court held that the irregularity "would have merely rendered the judgment voidable, and not void, if the complaint had been made on appeal."[6] The district court's lack of authority to sentence a minor to the penitentiary without such evidence and finding did not make the sentence void. If this holding were applied to today's case, the result would be the opposite from the Court's.

The third opinion on which the Court relies today is a dissenting opinion by Judge Clinton in *Ex parte Banks,* where he said, "Almost uniformly the threshold question went to integrity of the judgment, viz: Whether the claim is that the judgment is void for illegality or voidable for irregularity."[7] At this point in his opinion, Judge Clinton referred to the threshold questions in cases that were cited in two early opinions [8] that were in turn cited in a case that he identified as the earliest statement of this Court that habeas corpus should not be permitted to raise questions that could have been raised on appeal.[9] Although this dissent is interesting, it does not rise to the level of precedent for today's decision. Even if it did, it would add no strength to the Court's reasoning. We are told that habeas corpus is available when restraint is authorized by a judgment that is "void," not merely "voidable." And "void" means "illegal," while "voidable" means "irregular." And "illegal" means "not authorized by law," while "irregular" means "var[ying] from the normal conduct of an action," or "want of adher-

1. *Ante* at 224.

2. 956 S.W.2d 555, 559 (Tex.Cr.App.1997).

3. *Id.* at 558–59.

4. *Id.* at 560.

5. 50 Tex. Cr. 473, 98 S.W. 850 (1906).

6. *Id.,* 50 Tex. Cr. at 474, 98 S.W. at 851.

7. *Banks,* 769 S.W.2d at 544.

8. *Ex parte McKay,* 82 Tex. Cr. 221, 199 S.W. 637 (1917); *Ex parte White,* 50 Tex. Cr. 473, 98 S.W. 850 (1906).

9. *Ex parte Roya,* 85 Tex. Cr. 626, 215 S.W. 322, 323 (1919).

ence to some prescribed rule."[10] Now this process of chasing definitions can go on indefinitely without getting any closer to a principled rule that distinguishes restraint for which habeas will lie from restraint for which it will not. The district court's dismissal in this case can be characterized in either category. As my Brother Meyers has said:

> [T]his Court is prone to characterize any nonwaivable requirement of the law as jurisdictional, with the invariable consequence that its opinions are more confusing than they need to be. Although the word "jurisdiction" has a broad meaning in common parlance, and is often used as a synonym for "authority" even in legal writing, it is traditionally considered in the law to identify a much more specific kind of power.
>
> A court's jurisdiction is comprised generally of its authority to render a particular kind of judgment (such as an order of commitment or a judgment for money damages) in some kinds of disputes (such as felony criminal prosecutions or personal injury lawsuits) between certain classes of persons (such as everyone present within the state or within a subdivision of the state). There are, of course, many other nonjurisdictional aspects of litigation in which the conduct of a court is controlled by law. Sometimes, when the court's conduct violates one of these laws, especially a law which seems "mandatory" on its face, it is common to say that the court did not have authority to act as it did. But it is a mistake to say that the court was without jurisdiction in the matter.
>
> If the problem were merely semantical, calling attention to it would be sniveling. But, whether defects of adjudication are considered jurisdictional has a profound effect on the treatment they

receive in other contexts. The writ of habeas corpus, for example, is available to set aside a criminal conviction on the basis of any jurisdictional defect in the proceedings which led to it, no matter how remote in time. Apart from violations of the United States Constitution, and a few anomalies of Texas law, we do not permit the writ to attack anything else.[11]

In two other cases that the Court cites, *State ex rel. Eidson*[12] and *State ex rel. Vance v. Clawson*,[13] we granted the State mandamus relief from orders that it could not appeal. The questions in those cases were whether relief at law was available (it wasn't because of the lack of appeal) and whether the district courts had a ministerial duty to withdraw their orders (they did). Whether the orders were void was irrelevant, and any mistaken statements about voidness were *obiter dicta.*

The sixth case on which the Court relies, *Ex parte Shields*,[14] demonstrates that the Court's decision today is incorrect. Shields was untimely sentenced, in violation of a statute which gave trial courts authority to pronounce sentence only after the time had expired to file a motion for new trial. If he had raised the error on appeal, the judgment would have been reversed. But because the error was not such as to make the sentence void, his collateral attack on the sentence was rejected. The same is true in this case. If the State had appealed the district court's dismissal, it might have won because of error; the question is not before us. But it did not appeal. The dismissal was not made without jurisdiction, not can I think of another reason why it should be regarded as void.

I agree with the court of appeals, and I respectfully dissent from the Court's reversal of the judgments below.

---

10. *Ante* at 225.

11. *Stine v. State,* 908 S.W.2d 429, 433 (Tex. Cr.App.1995) (Meyers, J., concurring) (citations omitted).

12. 793 S.W.2d 1 (Tex.Cr.App.1990).

13. 465 S.W.2d 164 (Tex.Cr.App.1971).

14. 550 S.W.2d 670 (Tex.Cr.App.1976).

JOHNSON, J., dissenting.

In an earlier proceeding, a district court, allegedly pursuant to art. 32.01 of the Texas Code of Criminal Procedure, dismissed with prejudice the prosecution against appellee for felony driving while intoxicated. Although such disposition was erroneous, the state did not appeal the ruling.[1] The state then filed against appellee, in county court, a complaint and information which alleged the lesser-included charge of misdemeanor driving while intoxicated and collaterally attacked the earlier dismissal in district court in this later proceeding in the county court-at-law.

I agree with the majority that the trial court was not disqualified and had jurisdiction[2] in this cause. The dispositive issues here are whether the trial court had the authority to do what it did and what consequences flow from that authority or lack thereof. I disagree with the majority in its conclusions about the trial court's authority and the consequences which follow from those conclusions.

The majority cites to *Davis v. State*, 956 S.W.2d 555 (Tex.Crim.App.1997), for the proposition that "errors involving the violation of statutory procedure are merely voidable." *Ante*, at 225. The majority then concludes that the dismissal with prejudice in this cause was void, not voidable, because it was "outside the parameters of any rule or procedure in place at that time." *Id.* at 225. That phrase could

just as easily be used to describe a "violation of a statutory procedure," making it merely voidable. *Davis*, 956 S.W.2d at 559. The holding in *Davis* resolved the issue before that Court: whether the claimed error was a procedural irregularity, making the conviction voidable, or a jurisdictional error, rendering the conviction void. The *Davis* Court specifically stated that "if a judge is qualified and not constitutionally or statutorily disqualified, his actions are not void due to procedural irregularities ... although it may be error rendering the conviction voidable." *Id. Ex parte White*, 50 Tex.Crim. 473, 98 S.W. 850 (1906), also cited by the majority, notes only that the various matters complained of by the defendant in his writ of *habeas corpus* were "mere irregularities in the course of a judicial trial" which would merely render the judgment voidable, rather than void, and should have been appealed. *Id.* at 851.[3]

It is also clear that, in certain circumstances, a trial court does have authority to dismiss an indictment without the consent of the prosecutor. For example, a trial court may grant a motion to quash, which effectively dismisses the indictment, or a plea in abatement alleging violation of the right to a speedy trial, and, in the context of a valid plea of double jeopardy, a trial court may properly dismiss a prosecution with prejudice. *See, e.g., State v.. Johnson*, 821 S.W.2d 609, 612 & n. 2 (Tex.

---

1. The record from the hearing on appellee's motion to dismiss indicates that the district court intended only to discharge bail, but the court later signed an order dismissing the prosecution with prejudice. The state neither appealed nor, apparently, called the court's attention to the discrepancy between the order and the intent stated by the court at the hearing.

2. In *Davis*, we noted that certain of our prior decisions confused the concepts of "jurisdiction" and "authority." *Davis*, 956 S.W.2d 555, 558 (Tex.Crim.App.1997). "Strictly speaking then, jurisdiction encompasses only the power of the tribunal over the subject matter and the person." *Id. at* 558–59. The State Prosecuting Attorney urges that there

was no jurisdiction because there was no charging document and, therefore, nothing to dismiss. That argument is foreclosed by the language of art. 32.01: "When a defendant has been ... held to bail to answer any criminal accusation before the district court, the prosecution ... shall be dismissed and the bail discharged, if indictment or information be not presented...." Undeniably, appellee was held to bail on "an accusation before the district court," i.e. an accusation of felony driving while intoxication.

3. The *White* court failed to address the defendant's allegation that the trial court's adjournment on the day of his sentencing denied him the right to appeal.

Crim.App.1991). In the instant case, the district court had jurisdiction and the authority to dismiss with the consent of the prosecutor, and, under certain circumstances, the authority to dismiss without consent, with or without prejudice. The question here then is, what happens when a court exceeds its authority?[4] I believe that the answer is that while the district court, by dismissing with prejudice, exceeded its authority, the error was not jurisdictional, and so the dismissal is not void but voidable. Thus, the state should have appealed the dismissal and should not now be allowed to attack it in the county court-at-law.

However, I do not believe that such reasoning should be used to significantly revise or limit our approach to applications for writs of *habeas corpus.* Although writ applications are often characterized as collateral attacks, clearly writs are quite different from the challenge presented in this case. "Collateral attack" has been defined as "an attempt to avoid, defeat, or evade [a judgment], or to deny its force and effect, in an incidental proceeding not provided by law for the express purpose of attacking it ... An attack on a judgment in any manner other than by *action or proceeding, whose very purpose is to impeach or overturn the judgment;* or, stated affirmatively, a collateral attack on a judgment is an attack made by or in an action or proceeding that has an independent purpose other than impeaching or overturning the judgment." BLACK'S LAW DICTIONARY 260 (6th ed.1990) (citations omitted) (emphasis added). *Habeas corpus* is just such an "action or proceeding, whose very purpose is to impeach or overturn the judgment. ...." Being different in character, *habeas* must be treated differently.

I respectfully dissent.

---

4. In *State ex rel. Eidson v. Edwards,* 793 S.W.2d 1, 5 (Tex.Crim.App.1990), cited by the majority in support of its holding, the trial court effectively removed the district attorney from office by unilaterally recusing the entire district attorney's office, an action which was clearly "without authority or jurisdiction," as the court lacked jurisdiction over both the subject matter and the person of the district attorney. In addition, *Eidson* was a writ of *mandamus,* and the issues to be resolved turned on different concerns and standards. *Id.* Similarly, in *State ex rel. Vance v. Clawson,* 465 S.W.2d 164, 168 (Tex.Crim.App.1971), which concerned an application for a writ of prohibition, this court determined that a trial judge did not have the authority to grant time credits under the relevant statutory provisions, and asserted, without explanation, that his order doing so was "void."