Reversed and Remanded and Opinion filed August 25, 2005









Reversed and Remanded and Opinion filed August 25,
2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01034-CR

____________

 

THE STATE OF TEXAS, Appellant

 

V.

 

GABRIEL AUSTIN
GIORDANO,
Appellee

 



 

On Appeal from the County
Court at Law No. 4

Fort Bend County, Texas

Trial Court Cause No. 106452

 



 

M EM O R A N D U M   O P I N I O N

In this appeal, the State of Texas
complains the sentence of appellee, Gabriel Austin Giordano, is illegal.  We agree and reverse the judgment of the
trial court and remand the case for a new hearing on punishment.  








Appellee was convicted by a jury of
possession of two ounces or less of marijuana, a Class B misdemeanor.[1]  After receiving the verdict, the trial court
ordered a pre-sentence investigation report (APSI@).  At the sentencing hearing, the trial court
initially sentenced appellee to serve 180 days in jail to run concurrently with
time in a Burnett County treatment facility. 
Appellee=s sentence was to begin in December 2004,
when he entered the treatment facility. 
The trial court intended to allow appellee to remain out on bond between
the time of sentencing and the time he was to enter the treatment facility,
conditioned on his being tested for drugs every two weeks.  However, when the trial court asked appellee,
A[w]ill you test
clean or dirty today,@ appellee responded that he would probably
test Adirty.@  The trial court then sentenced appellee to
three days in the Fort Bend County Jail as a condition of his bond.  

The State is entitled to appeal an illegal
sentence.  Tex. Code Crim. Proc. Ann. art. 44.01(b) (Vernon Supp. 2004B05).  AA sentence that is
outside the maximum or minimum range of punishment is unauthorized by law and
therefore illegal.@  Mizell
v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003).  A sentence that is not authorized is
void.  Ex parte Seidel, 39 S.W.3d
221, 225 n.4 (Tex. Crim. App. 2001).  We
find appellee=s sentence illegal and, therefore, void
for two reasons.  

First, appellee was convicted of
possession of marijuana, a Class B misdemeanor, which is punishable by Aconfinement in
jail for a term not to exceed 180 days.@  Tex.
Pen. Code Ann. ' 12.22 (Vernon 2003).[2]  Therefore, the maximum length of time the
trial court could sentence appellant for the charged offense was 180 days.  The trial court, however, sentenced appellee
to an additional three days as a Acondition@ of his bond, for
a total of 183 days, thereby exceeding the maximum allowable jail sentence by
three days.  








Second, because appellee was convicted of
a Class B misdemeanor, the trial court had the option of remanding him Ato a treatment
facility approved by the commission to accept court commitments for care and
treatment for not more than 90 days, instead of incarceration or fine, .
. .@  Tex.
Health & Safety Code Ann. ' 462.081(a)
(Vernon 1992) (emphasis added); see also Tex. Code Crim. Proc. Ann. art 42.023 (Vernon 2004B05) (providing
that before pronouncing sentence on defendant convicted of criminal offense,
judge may consider whether defendant should be committed for care and
treatment).  However, appellee was
sentenced to 180 days in jail to run concurrently with time in the
Burnett County treatment facility. 
Appellee=s 180 days= sentence in the
treatment facility clearly exceeds the maximum length of 90 days allowed under
section 462.081.  Therefore, the States= sole issue is
sustained.  

Because appellee=s sentence is
void, we reverse only the punishment portion of the judgment and remand to
trial court for a new punishment hearing.[3]  Accordingly, the judgment of the trial court
is reversed and the cause is remanded to the trial court for proceedings
consistent with this opinion.  

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Opinion filed August 25, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Tex. Health & Safety Code Ann. ' 481.121 (Vernon 2003).  





[2]  Although the
trial court did not assess a fine against appellee in this case, we note that a
trial court may also assess a fine not to exceed $2,000 in addition to a jail
sentence of not more than 180 days.  Id.





[3]  Tex. Code Crim. Proc. art. 44.29(b)
(Vernon Supp. 2004B05); Lopez v. State, 18 S.W.3d 637, 640 (Tex.
Crim. App. 2000).