IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00352-CR

 

Howard Kim,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 228th District Court

Harris County, Texas

Trial Court No. 836,119

 



Opinion










 

          We issued an opinion in Howard Kim’s
underlying conviction on October 6, 2004.  The trial court’s judgment was
affirmed.

          Kim has now filed additional papers
challenging his conviction asserting the trial court lacked jurisdiction and
arguing, based on Ex parte Seidel[1],
that he can appeal a trial court’s lack of jurisdiction at any time.  Kim is
wrong.  For at least three reasons, we do not have jurisdiction of his appeal,
and we dismiss it.

 

 

Transfer Jurisdiction

          Kim’s original criminal case was
transferred to us, as the Supreme Court may do.  See Tex. Gov’t Code Ann. § 73.001 (Vernon 2005). 
When a case is transferred to us, we have jurisdiction of the case regardless
of where the case was originally tried.  Id. § 73.002(a).  However, this
appeal was not transferred to us; Kim sent it to us.  And Kim is complaining
about the actions of a trial court in Harris County.  Under normal
circumstances, a court of appeals has appellate jurisdiction only within their
respective districts.  See Tex.
Const. art. 5, § 6.  Harris County is not within this Court’s judicial
district.  See Tex. Gov’t Code
Ann. § 22.201(k) (Vernon Supp. 2005).  Therefore, we have no
jurisdiction over Kim’s attempted appeal.

Final Judgment in his
Original Appeal

          If Kim was intending to re-open his
original appeal, he cannot.

          An opinion was issued in Kim’s
original appeal in October of 2004.  We denied his motion for rehearing in
November.  The Court of Criminal Appeals refused discretionary review of Kim’s
case in March of 2005.  Our mandate issued in June.

          Kim’s appeal is final and we cannot
act on that case.  Our plenary power to act in the original appeal expired in
December of 2004, 30 days after we denied his motion for rehearing.  Tex. R. App. P. 19.1.  Thus, we have no
jurisdiction.

Post Conviction
Collateral Attack

          If Kim was intending to file a
post-conviction collateral attack, we, again, do not have jurisdiction of his
attack.  As the Sixth Court recently stated:

          Our original and appellate
jurisdiction is limited by the Texas Constitution and by statutes promulgated
by the Texas Legislature and approved by the Governor.  The Texas Constitution
grants this Court original jurisdiction only in cases where specifically
prescribed by law.  TEX. CONST. art. V, § 6. As it relates to the case now
before us, we are not among the list of courts authorized to grant relief
pursuant to post-conviction writs of habeas corpus. TEX. CODE CRIM. PROC. ANN.
art. 11.05 (Vernon 2005).  We also are not authorized under TEX. GOV'T CODE
ANN. § 22.221 (Vernon Supp. 2004) to consider an original, post-conviction
application for writ of habeas corpus.  Our law requires post-conviction
applications for writs of habeas corpus, for felony cases in which the death
penalty was not assessed, to be filed in the court of original conviction, made
returnable to the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. ANN.
art. 11.07(3)(a), (b) (Vernon 2005). 

 

Ex parte Martinez, No. 06-05-00208-CR, 2005 Tex. App. LEXIS 7844,
*4-5 (Tex. App.—Texarkana Sept. 26, 2005, orig. proceeding)

          Thus, we do not have jurisdiction of a
post-conviction collateral attack.  

What Seidel
Means

          Kim relies on Ex parte Seidel[2]
in support of his argument that because the trial court lacked jurisdiction,
his initial sentence and revocation were void and he could raise this complaint
at any time.  In Seidel, the district court dismissed a case with
prejudice, and the State did not appeal.  When the State re-filed the case in
the county court, the court granted the defendant’s application for writ of
habeas corpus, stating that because the previous case was dismissed with
prejudice, the State was not allowed to file a lesser charge stemming from the
same transaction.  The State appealed that ruling, and the court of appeals
held that although the defendant was entitled to a discharge from bail, the
State was not barred from filing charges later.  The court of appeals found,
however, that the State waived error when it failed to appeal the district
court’s dismissal with prejudice.

          On discretionary review, the Court of
Criminal Appeals delineated the difference between the lack of jurisdiction
over a case and the lack of authority to act in a particular manner.  Lack of
jurisdiction over a case always renders a judgment void.  Ex parte Seidel,
39 S.W.3d 221, 224 (Tex. Crim. App. 2001).  A lack of authority to act may
render a judgment void or voidable.  Id.  A judgment is void if,
although the court has jurisdiction over a case, the court’s action is not
authorized by law.  Id.

          In Ex parte Seidel, the
Court of Criminal Appeals found that the district court had jurisdiction to
dismiss the case but did not have the authority to dismiss it “with
prejudice.”  Id. at 225.  The dismissal with prejudice was an act not
authorized by law.  Id.  Thus, the judgment was void, and the State
could attack it by direct appeal or collateral attack.  Id.

          Kim contends that the trial court
lacked jurisdiction and the judgment was void.  As discussed earlier in this
opinion, Kim’s original direct appeal is final, and we cannot entertain a
collateral attack.  Ex parte Seidel does not help Kim in this case.

Conclusion

          This Court has no jurisdiction of
Kim’s current appeal.  Therefore, we dismiss it.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Appeal
dismissed

Opinion
delivered and filed November 2, 2005

Publish

[CR25]









[1] 39
S.W.3d 221 (Tex. Crim. App. 2001).





[2] 39
S.W.3d 221 (Tex. Crim. App. 2001).








erif">                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed January 15, 1992
Publish