Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-10-00681-CR

Anthony Andrew **PLAID**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court At Law No 2, Guadalupe County, Texas
Trial Court No. CCL-08-1126
Honorable Frank Follis, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:   October 19, 2011

AFFIRMED

Anthony Andrew Plaid appeals the judgment revoking his probation for the offense of driving while intoxicated. We affirm the trial court's judgment.

### BACKGROUND

The present case arises from the allegation that in 2008 Plaid committed the offense of driving while intoxicated. After a jury was empaneled to hear this case, Plaid reached a plea agreement with the State. Part of the plea agreement required the State to dismiss an earlier

charge of driving while intoxicated for which Plaid had been found guilty and which was then on appeal.[1] Pursuant to this part of the agreement, Plaid agreed to file a motion to dismiss the pending appeal. Plaid entered his plea and the court reset the matter for sentencing. On December 14, 2009, the trial judge imposed sentence in accordance with the terms of the plea agreement.

On March 22, 2010, the State filed a motion to revoke probation, alleging seven different violations of the conditions of probation. Plaid pled true to violating two of the conditions, and after a hearing, the court revoked Plaid's probation, finding he violated four conditions of probation. Plaid appeals the judgment revoking his probation.

## DISCUSSION

Plaid contends the judgment is void because the trial court lacked "jurisdiction" to accept the plea agreement, or alternatively, his plea was involuntary. He requests this court to remand the case to the trial court and return him to the position he was in before the entry of his plea.

As a general rule, a defendant cannot attack the validity of the underlying conviction when appealing an order revoking probation. *Whetstone v. State*, 786 S.W.2d 361, 363 (Tex. Crim. App. 1990), *rev'd on other grounds Gollihar v. State*, 46 S.W.3d 243, 250 (Tex. Crim. App. 2001). However, there is an exception when the underlying conviction is attacked as void. *Nix v. State*, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001). If the original judgment imposing probation was void, any revocation of that probation would be a nullity. *Id.* at 668.

The Court of Criminal Appeals has identified four instances where a judgment would be void: (1) the charging instrument does not satisfy the constitutional requisites; (2) the trial court

---

[1] Plaid was found guilty of driving while intoxicated in cause number CCL-07-0611, and he perfected an appeal to this court in Appeal No. 04-09-00275-CR. Plaid filed a motion to dismiss the appeal in this court on December 16, 2009, which was granted January 6, 2010. The State filed a motion to dismiss cause number CCL-07-0611 in the trial court on January 11, 2011, which was granted that same date. We express no opinion as to the legal effect of the dismissal.

lacks subject matter jurisdiction; (3) the record does not contain evidence to support the conviction; and (4) an indigent defendant is not provided appointed counsel and did not waive his right to counsel. *Id.* The court noted that while the list was not exhaustive, it was "nearly so." *Id.*

The court has also held that a judgment is void if it is the result of an illegal act. *Ex parte Seidel*, 39 S.W.3d 221, 224 (Tex. Crim. App. 2001). The court described "illegal acts" as those that "are not authorized by law." *Id.*

Plaid asserts the trial court did not have "jurisdiction" to accept his original plea because the trial court did not have the power to enforce the plea agreement until the appeal had been dismissed. We disagree. The filing of an indictment or information invokes the jurisdiction of the court. *See Teal v. State*, 230 S.W.3d 172, 177 (Tex. Crim. App. 2007). As a county court-at-law, the trial court had subject-matter jurisdiction to try the misdemeanor offense of driving while intoxicated. *See* TEX. CODE CRIM. PROC. ANN. art. 4.07 (West 2011) (county courts have original jurisdiction of all misdemeanors of which the justice court is not given exclusive original jurisdiction); TEX. PENAL CODE ANN. § 49.04 (West 2011) (driving while intoxicated is class B misdemeanor). Accordingly, the trial court had legal authority to accept the plea in this case, and the original judgment is not void.[2]

Plaid also contends the original judgment is voidable because his plea was involuntary. He argues his plea was involuntary because he was denied his right to counsel, his trial counsel rendered ineffective assistance, the trial judge improperly participated in plea negotiations, and he was entitled to rely upon statements made by the court during the plea proceedings as to when his probation would begin. As discussed above, only claims that the underlying judgment is void

---

[2] Because the trial court had jurisdiction over this matter, it also has authority to enforce any plea agreement between Plaid and the State. *See generally Wright v. State*, 158 S.W.3d 590, 593-94 (Tex. App.—San Antonio 2005, pet. ref'd).

are cognizable in an appeal from an order revoking probation. An involuntary plea does not render the judgment void. *Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001). Of the arguments made to support the claim of an involuntary plea, only if Plaid were indigent could his claim he was denied the right to counsel result in a void judgment. Plaid makes no such claim, and the record reflects Plaid retained his own counsel.

The judgment of the trial court is affirmed.

Steven C. Hilbig, Justice

Do not publish