**Petition for Writ of Mandamus Conditionally Granted and Opinion filed January 29, 2013.**



In The

# Fourteenth Court of Appeals

NO. 14-12-00975-CR
NO. 14-12-00976-CR
NO. 14-12-00977-CR

**IN RE THE STATE OF TEXAS, EX REL., MIKE ANDERSON, DISTRICT ATTORNEY, Relator**

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
180th District Court
Harris County, Texas
Trial Court Cause Nos. 1280439, 1335474, and 1337903**

## O P I N I O N

Relator, The State of Texas, acting by and through the Harris County District Attorney, filed a petition for writ of mandamus in this court.[1] *See* Tex.

---

[1] At the time of the filing of this petition, on October 26, 2012, the Harris County District Attorney was Patricia R. Lykos; that position is now held by Mike Anderson.

Gov't Code Ann. §22.221 (Vernon 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Marc Brown, presiding judge of the 180th District Court of Harris County to vacate his order signed October 16, 2012, disqualifying the Harris County District Attorney's office from representing the State of Texas in trial court cause numbers 1280439, 1335474, and 1337903.

In a plurality opinion in *State ex rel. Eidson v. Edwards,* four judges on the Court of Criminal Appeals of Texas concluded that a trial court has no authority to disqualify the elected district attorney and his staff from participating in the prosecution of any case properly brought in that jurisdiction and that any order by a court attempting to do so is void. *See* 793 S.W.2d 1, 4–5 (Tex. Crim. App. 1990) (plurality op.). According to the *Eidson* plurality, a district attorney may be removed from office but only on the grounds stated in section 87.013(a) of the Local Government Code and only after a trial by jury. *See* Tex. Local Gov't Code §§ 87.013(a), 87.018 (West 2013); *Eidson*, 790 S.W.2d at 5. The *Eidson* plurality noted that there may be instances in which a prosecutor must recuse himself from the prosecution of an individual; however, the plurality concluded that the responsibility of recusal rests upon the prosecutor to voluntarily recuse himself. *See* Tex. Code Crim. Proc. Ann. art. 2.07 (b-1) (West 2013) (providing procedure for an attorney for the state to "request the court to permit him to recuse himself in a case for good cause"); *Eidson*, 790 S.W.2d at 5.[2] The *Eidson* plurality

---

[2] Some statutes use the term "disqualification" when addressing an attorney for the state's inability to act in a criminal proceeding. *See* Tex. Code Crim. Proc. Ann. arts. 2.07(a), 2.08. On the other hand, under article 2.07(b-1) of the Texas Code of Criminal Procedure, an attorney for the state who is not disqualified to act may request the trial court to permit him to "recuse"

2

determined that the trial court has no authority to force a prosecutor to recuse himself or to disqualify a prosecutor. *See Eidson*, 790 S.W.2d at 5–6. According to the plurality, if a prosecutor's failure to recuse himself violates the defendant's constitutional rights, then the defendant's conviction may be reversed on appeal. *See id*. at 6–7.

The plurality opinion in *Eidson* is not a precedent binding on this court. *See Chavez v. State*, 9 S.W.3d 817, 833 (Tex. Crim. App. 2000). But, since *Eidson*, the Court of Criminal Appeals has issued various opinions containing judicial dicta that are binding on this court. *See McLendon v. State*, 167 S.W.3d 503, 507–08 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (following statement of law in prior Court of Criminal Appeals case under doctrine of judicial dictum). For example, in *Coleman v. State*, the Court of Criminal Appeals stated as follows:

> A district attorney who is not legally disqualified may request that the district court permit him to recuse himself in a particular case for good cause. This procedure allows the district attorney to avoid conflicts of interest and even the appearance of impropriety by deciding not to participate in certain cases. Once the trial court approves his voluntary recusal, the district attorney is deemed "disqualified." The responsibility for making the decision to recuse himself is on the district attorney himself; the trial court cannot require his recusal.

246 S.W.3d 76, 81 (Tex. Crim. App. 2008) (footnotes omitted). In another case, the Court of Criminal Appeals, in a majority opinion, quoted with approval the following statement from the plurality opinion in *Eidson*: "[a] trial court judge is without legal authority to remove a District Attorney from a case and, as such, any

himself in a case for good cause, and once the trial court approves such a request, the attorney for the state is deemed "disqualified." Tex. Code Crim. Proc. Ann art. 2.07 (b-1).

order attempting to do so is void." *Ex parte Seidel*, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001) (quotations omitted, quoting plurality opinion in *Eidson*). In still another case, the Court of Criminal Appeals affirmed that "[a] prosecutor's refusal to recuse himself from the case cannot be corrected because the trial court has no authority to force a recusal." *Johnson v. State*, 169 S.W.3d 223, 229 (Tex. Crim. App. 2005). In 2011, the Texas Legislature added a provision that appears to authorize a trial court to order a district attorney disqualified if the district attorney is the subject of a criminal investigation by a law enforcement agency and if that investigation is based on credible evidence of criminal misconduct for an offense that is within the attorney's authority to prosecute. *See* Tex. Code Crim. Proc. Ann art. 2.08(b) (West 2013) (stating that "[a] judge of a court in which a district or county attorney represents the State shall declare the district or county attorney disqualified for purposes of Article 2.07 on a showing that the attorney is the subject of a criminal investigation by a law enforcement agency if that investigation is based on credible evidence of criminal misconduct for an offense that is within the attorney's authority to prosecute"). But, none of the underlying cases fall within the scope of this new statute.

Under binding judicial dicta from the Court of Criminal Appeals, we conclude that the trial court had no authority to order the disqualification of the Harris County District Attorney's office and therefore the trial court abused its discretion in issuing this order.[3] *See Coleman*, 246 S.W.3d at 81; *Ex parte Seidel*,

---

[3] The trial court did not find any ground that would support the removal of the Harris County District Attorney from office, nor did the trial court follow the procedures, including trial by jury, for removing the Harris County District Attorney from office. *See* Tex. Local Gov't Code §§ 87.013(a), 87.015–.019.

39 S.W.3d at 225; *Johnson*, 169 S.W.3d at 229. Accordingly, we conditionally grant relator's petition for writ of mandamus and direct the trial court to vacate the order signed October 16, 2012, disqualifying the Harris County District Attorney's office from representing the State of Texas in trial court cause numbers 1280439, 1335474, and 1337903. The writ of mandamus will issue only if the trial court fails to comply.


/s/ Kem Thompson Frost
Justice


Panel consists of Justices Frost, Christopher, and Jamison.
Publish — Tex. R. App. P. 47.2(b).